## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI

IN RE:

DEAN C. BOYD,                                              CASE NO. 10-03054-NPO

DEBTOR.                                                    CHAPTER 13

GREEN TREE SERVICING, LLC                                  PLAINTIFF

V.                                                         ADV. PROC. NO. 11-00082-NPO

DEAN C. BOYD, DON HOWELL                                   DEFENDANTS
AND JIMMY HOWELL D/B/A D&J RENTALS
AND KIM WITHERS, LEAKE COUNTY
TAX COLLECTOR

## MEMORANDUM OPINION AND ORDER
## GRANTING MOTION FOR SUMMARY JUDGMENT

There came on for consideration the Motion for Summary Judgment (the "Motion") (Adv. Dkt. 26)[1] and the Brief in Support of Motion for Summary Judgment (the "Brief") (Adv. Dkt. 27) filed by Green Tree Servicing, LLC, successor in interest to Conseco Finance Servicing Corp. ("Green Tree"); and the Response to Motion for Summary Judgment (the "Response") (Adv. Dkt. 32) and the Memorandum Brief in Support of Response to Motion for Summary Judgment (the "Response Brief") (Adv. Dkt. 33) filed by Kim Withers, Leake County Tax Collector (the "Tax Collector"), in the above-styled adversary proceeding (the "Adversary"). Jeff D. Rawlings represents Green Tree, and Jeffrey Taylor Webb represents the Tax Collector. Having reviewed the above-

---

[1] Citations to the record are as follows: (1) citations to docket entries in this adversary proceeding, Adv. Proc. No. 11-00082-NPO, are cited as "(Adv. Dkt. ____)" and (2) citations to docket entries in the main bankruptcy case, Case No.10-03054-NPO, are cited as "(Dkt. ____)".

referenced pleadings, all the exhibits attached thereto, and the record, the Court finds for the reasons set forth below that the Motion is well taken and should be granted.[2]

## Jurisdiction

This Court has jurisdiction over the subject matter of and the parties to this proceeding. This matter is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(O). Notice of the Motion was proper under the circumstances.

## Facts

When deciding whether summary judgment is proper, the Court must view the evidence submitted by the parties in the light most favorable to the non-moving party. McPherson v. Rankin, 736 F.2d 175, 178 (5th Cir. 1984). Applying this standard, the Court finds the following undisputed material facts, as set forth in the Motion and Response and as gleaned from the record.

1. On May 24, 2000, Dean C. Boyd (the "Debtor") and his wife, Kimberly P. Boyd, entered into a Manufactured Home Retail Installment Contract and Security Agreement with Conseco Finance Servicing Corp. for the purchase of a 1996 Chandeleur Manufactured Home (the "Manufactured Home"). (Green Tree Exs. A & B).[3]

2. Green Tree is the successor in interest to Conseco Finance Servicing Corp.

3. The Debtor filed a petition for relief under chapter 13 of the United States Bankruptcy Code on December 26, 2006, in Case No. 06-02952-EE (the "Original Bankruptcy"). The Original

---

[2] This Memorandum Opinion and Order constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, as made applicable by Federal Rule of Bankruptcy Procedure 7052.

[3] Exhibits attached to the Motion are cited as "(Green Tree Ex.____)", and exhibits attached to the Response are cited as "(Tax Collector Ex.____)".

Bankruptcy was dismissed on January 20, 2009 (Case No. 06-02952-EE, Dkt. 61) as a result of the Debtor's failure to abide by the terms of an agreed order. (Tax Collector Ex. A). The Original Bankruptcy was closed on February 6, 2009. (Case No. 06-02952-EE, Dkt. 66).

4. The Debtor filed a second petition for relief under chapter 13 on August 30, 2010, in Case No. 10-03054-NPO (the "Second Bankruptcy"). (Dkt. 1).

5. On September 13, 2010, during the pendency of the Second Bankruptcy, the Tax Collector sold the Manufactured Home for delinquent taxes (the "Tax Sale") to Don Howell and Jimmy Howell, d/b/a D&J Rentals (the "Howells").

6. The Tax Collector did not have actual notice of the Second Bankruptcy, and, consequently, did not seek relief from the automatic stay prior to the Tax Sale.

7. The Second Bankruptcy was dismissed on October 29, 2010, after the Debtor failed to appear at the meeting of creditors. (Tax Collector Ex. B; Dkt. 36). The Second Bankruptcy was closed on January 21, 2011. (Dkt. 46).

8. At Green Tree's request, the Court entered an Order Reopening Case (Dkt. 52) in the Second Bankruptcy on July 2, 2011. The Court entered an Order Reinstating Case (Dkt. 57) on September 20, 2011, also in the Second Bankruptcy.

9. Green Tree commenced the Adversary by filing its Complaint to Set Aside and Void Tax Sale (the "Complaint") (Adv. Dkt. 1) against: (1) the Debtor, (2) the Howells, and (3) the Tax Collector on July 13, 2011. In the Complaint, Green Tree maintains that the sale of its collateral, the Manufactured Home, "is void and in violation of the automatic stay of 11 U.S.C. § 362." (Complaint ¶ 6, Adv. Dkt. 1).

10.     The Tax Collector filed an Answer and Affirmative Defenses (Adv. Dkt. 12) on August 17, 2011.  She asserts as an affirmative defense that she "received no notice of the bankruptcy filings . . . of the debtor herein, Dean C. Boyd." (Answer at 2, Adv. Dkt. 12).  She also asserts that two petitions for relief under chapter 13 were filed by the Debtor and that the Second Bankruptcy was dismissed shortly after it was filed.

11.     Neither the Debtor nor the Howells filed a response to the Complaint.

12.     On November 3, 2011, a Default Judgment (Adv. Dkt. 23) in favor of Green Tree and against the Howells was entered, the effect of which was to set aside and void the Tax Sale as to the Howells.

13.     On November 18, 2011, Green Tree filed the Motion in which it seeks summary judgment setting aside the Tax Sale as void.

14.     On December 6, 2011, the Tax Collector filed the Response seeking denial of the Motion and dismissal of the Complaint.

15.     The Debtor did not file a response to the Motion.

## Discussion

**A.     Standard of Review**

Rule 7056 of the Federal Rules of Bankruptcy Procedure incorporates the summary judgment standard established in Rule 56 of the Federal Rule of Civil Procedure.[4]  Summary judgment is appropriate under Rule 56(a) when viewing the evidence in the light most favorable to the non-

---

[4] Pursuant to the Rules Enabling Act, 28 U.S.C. § 2072, Rule 56 of the Federal Rules of Civil Procedure was amended, as of December 1, 2010.  The amendment did not change the standard for granting summary judgment.  *See* Fed. R. Civ. P. 56 advisory committee's note to 2010 Amendments ("The standard for granting summary judgment remains unchanged.").

moving party, the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

Defense of a proper summary judgment motion requires more from the non-moving party than mere allegations or denials of her pleadings. Rule 56(e) provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . .

Fed. R. Civ. P. 56(e)(2). Thus, once the moving party has made its required showing, the non-moving party must go beyond the pleadings and by her own affidavits, depositions, answers to interrogatories, or admissions demonstrate specific facts to establish there is a genuine issue for trial. Celotex, 477 U.S. at 324. Ultimately, the role of this Court is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial. Lujan v. Defenders of Wildlife, 504 U.S. 555, 590 (1992), citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

**B.     Violation of the Automatic Stay**

The filing of a bankruptcy petition operates as a self-executing injunction that prevents creditors from taking any action to obtain possession of property of the debtor's estate outside the procedures of the bankruptcy forum. *See* 11 U.S.C. § 362(a)(3); Campbell v. Countrywide Home Loans, Inc., 545 F.3d 348, 353 (5th Cir. 2008). The purpose of the automatic stay under 11 U.S.C.

§ 362(a)[5] is to provide "breathing room" to the debtor and the bankruptcy court. Brown v. Chestnut (In re Chesnut), 422 F.3d 298, 301 (5th Cir. 2005). Because the automatic stay is imposed automatically upon the filing of the bankruptcy petition, "a party may violate the stay without realizing that it has taken effect." 3 Collier on Bankruptcy ¶ 362.12 (16th ed. 2011).

In the instant case, there is no dispute that the Tax Sale took place during the pendency of the Second Bankruptcy or, more specifically, that the Tax Sale took place *after* the commencement of the Second Bankruptcy and *before* its dismissal. In its Motion and Brief, Green Tree contends that the Tax Sale violated the automatic stay and, therefore, is void. In support of its Motion, Green Tree cites Green Tree Servicing, LLC v. Ivy (In re Ivy), Adv. Pro. 06-01182-DWH, Dkt. 19 (Bankr. N.D. Miss. May 18, 2007). There, under very similar factual circumstances, the bankruptcy court held that the sale of a manufactured home by the county tax assessor was void because it violated the automatic stay. As in this case, the county tax assessor in Ivy did not have actual notice of the existence of the automatic stay at the time the sale occurred.

In her Response, the Tax Collector asks this Court to deny the Motion and dismiss the Complaint but does not ask the Court to annul the automatic stay retroactively or to validate the Tax Sale.[6] The Tax Collector cites Jones v. Garcia (In re Jones), 63 F.3d 411 (5th Cir. 1995), in which

---

[5] Unless specifically noted otherwise, code sections hereinafter will refer to the United States Bankruptcy Code, located at Title 11 of the United States Code.

[6] Because the Tax Collector did not request relief under § 362(d), which governs the annulment of the automatic stay, and because notice was not provided and a hearing was not held on whether the Tax Sale should be annulled, which are both procedural requirements under § 362(d), that issue is not properly before the Court. See Franklin Credit Management Corp. v. Woods (In re Woods), Adv. Proc. 10-00016-EE, Dkt. 72 (Bankr. S.D. Miss. July 15, 2011) (court refused to consider a request to annul the stay retroactively because the request was made for the first time in a brief and did not comply with the necessary procedural requirements of § 362(d)).

the Fifth Circuit Court of Appeals recognized that "actions taken in violation of the automatic stay are not *void*, but rather they are merely *voidable*." Id. at 412; see Sikes v. Global Marine, Inc., 881 F.2d 176, 179 (5th Cir. 1989) (noting that bankruptcy courts may annul the automatic stay retroactively under § 362(d) and validate actions when the party was unaware of the existence of the stay). Apparently, the Tax Collector relies upon Jones to demonstrate that bankruptcy courts may refuse to void actions taken in violation of the automatic stay because of the presence of certain equitable considerations, such as, for example, where the creditor was without actual knowledge of a bankruptcy petition and the debtor's own behavior contributed in some way to the violation. As an example, the Tax Collector cites Calder v. Job (In re Calder), 907 F.2d 953 (10th Cir. 1990). In Calder, the debtor objected to a proof of claim because it was based on a state court judgment entered during his pending bankruptcy case in violation of the automatic stay. The Tenth Circuit Court of Appeals agreed with the bankruptcy court's refusal to void the state court judgment on the ground the debtor, who had actively participated in the state court litigation, had deliberately waited to inform the creditor of his pending chapter 13 petition until just before the state court rendered a final judgment unfavorable to him. In her Response Brief, the Tax Collector emphasizes two undisputed facts which she contends justify the denial of the Motion: (1) that she was without knowledge of the Second Bankruptcy at the time of the Tax Sale and (2) that the Second Bankruptcy was dismissed two months after it was filed. She does not proffer any other evidence in opposition to the Motion.

Undoubtedly, this Court has the authority to annul the automatic stay retroactively and render the Tax Sale valid. By holding that actions taken in violation of the automatic stay are voidable, not void, the Fifth Circuit recognized that under some circumstances, an act that was originally null may

be rendered valid by judicial act. Elbar Investments, Inc. v. Pierce (In re Pierce), 272 B.R. 198, 206 (Bankr. S.D. Tex. 2001). In order to annul the stay, however, there must first be statutory notice and a hearing, both of which are missing in this case. Even if this matter were in a correct procedural posture, the Tax Collector has failed to demonstrate sufficient "cause" to annul the stay. Although the Court agrees with the Tax Collector that one's lack of actual knowledge of a bankruptcy petition is an important consideration, alone it is insufficient reason to grant relief under § 362(d). Pierce, 272 B.R. at 210; Bustamante v. Cueva (In re Cueva), 371 F.3d 232, 236 (5th Cir. 2004) (a party's lack of knowledge about the filing of a bankruptcy petition has no effect on whether such actions violate the stay). Moreover, the timing of the dismissal of the Second Bankruptcy does not render this case in any way analogous to Calder. The debtor in Calder attempted to ambush his creditor. The Tax Collector does not raise any similar facts that suggest that Green Tree or the Debtor engaged in similar tactics. Thus, the Court finds that the evidence provided by the Tax Collector is insufficient to create a genuine issue as to whether the Tax Sale should be set aside as void. As a result, the Motion should be granted.

## Conclusion

The Court concludes that the Tax Sale was conducted in violation of the automatic stay and is voidable. The Court further finds that in the absence of proper notice and a hearing for relief from the stay, retroactively to the filing of the Second Bankruptcy, the Tax Sale should be declared void. In addition, the Court finds that there are insufficient equitable considerations to validate the Tax Sale, even if the Tax Collector had complied with the procedural requirements of § 362(d). Accordingly, the Motion should be, and is hereby, granted in favor of Green Tree, and the Tax Sale should be, and is hereby, set aside as void.

A separate final judgment will be entered in accordance with Federal Rule of Bankruptcy Procedure 7058.

SO ORDERED.

/s/ Neil P. Olack
Neil P. Olack
United States Bankruptcy Judge
Dated: December 22, 2011